UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Miranda T.,[1]

        Plaintiff,

v.

Kilolo Kijakazi,
Acting Commissioner of Social Security,

        Defendant.

Case No. 22-cv-708 (JRT/LIB)

**REPORT AND RECOMMENDATION**

Pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636, this matter comes before the undersigned United States Magistrate Judge upon Plaintiff Miranda T.'s counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). [Docket No. 29]. Pursuant to the Local Rules governing motions filed in Social Security cases in this District, the Court took Plaintiff's counsel's Motion under advisement on the written submissions of the parties.

Plaintiff's counsel moves the Court for an award of attorney's fees under the Social Security Act, 42 U.S.C. § 406(b), in the amount of $11,983.75. (See Mot. [Docket No. 29]). As Defendant acknowledges, the Commissioner of the Social Security Administration "has no direct financial stake in the outcome of this motion; rather, the Commissioner 'plays a part in the fee determination resembling that of a trustee for the claimants,'" and Defendant proffers no opposition to the present Motion. (Def.'s Mem. [Docket No. 34]).

In relevant part, the Social Security Act, 42 U.S.C. § 406(b)(1)(A), provides that:

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in Social Security opinions such as the present Report and Recommendation. Accordingly, where the Court refers to Plaintiff, only her first name and last initial will be provided.

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).

On November 16, 2022, this Court remanded the present action to the ALJ for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g). (Order [Docket No. 19]). On May 11, 2023, the Court issued an Order awarding Plaintiff attorney's fees in the amount of $8,800.00, pursuant to the Equal Access to Justice Act. (Order [Docket No. 27]).[2]

On August 5, 2023, the Commissioner issued a Notice of Award indicating that Plaintiff was entitled to back payments of disability benefits. (Notice of Award for Title II Benefits [Docket No. 32]). The Social Security Administration withheld 25% of Plaintiff's award of past disability benefits ($11,983.75) in the event attorney's fees needed to be paid. (Id. at 2).[3]

Therefore, the record presently before the Court unequivocally demonstrates that Plaintiff received "judgment favorable to" her as required by 42 U.S.C. § 406(b)(1)(A). Notably, Defendant fails to argue the Court's previous remand of the present case is anything other than a favorable judgment as required by 42 U.S.C. § 406(b)(1)(A). (See Def.'s Response [Docket No. 34]). Plaintiff has accordingly shown she is entitled to an award of attorney's fees under 42 U.S.C. § 406(b)(1)(A).

In support of the amount requested for the fee award, Plaintiff's counsel submitted a contingent Attorney Fee Agreement which was signed by Plaintiff. (Fee Agreement [Docket No.

---

[2] In the present Motion, Plaintiff's counsel acknowledges that if the present request for fees is approved, the EAJA fees previously awarded in this case must be refunded to Plaintiff. (Mot. [Docket No. 29] at 2).
[3] The Notice of Award does not provide the total amount of Plaintiff's award of back disability benefits. (Id.). Rather, the Notice of Award provides that the Social Security Administration "usually withhold[s] 25 percent of past-due benefits in order to pay the approved representative's fee," and it further provides that the Social Security Administration withheld $11,983.75 in the event representation fees need to be paid. (Id.). Plaintiff does not dispute that $11,983.75 represents 25% of Plaintiff's award of back disability benefits, and Defendant takes no position on the issue. (See Def.'s Response [Docket No. 34]).

32-1]). The Attorney Fee Agreement provided that Plaintiff's attorney fee would be 25% of all back benefits awarded in her case. (Id.).

In support of the present Motion, Plaintiff's counsel submitted a signed declaration containing the number of hours expended representing Plaintiff's interest in the present case, as well as, an itemized list describing how each increment of that time was spent. (Decl. [Docket No. 32-2]). In total, the itemized list provides that Plaintiff's counsel and his staff expended 49.7 hours representing Plaintiff's interest in the present case at the Federal Court level. (Id.). The Court, upon its independent review of the record, concludes that the 49.7 hours expended by Plaintiff's attorney in the present case are reasonable as supported by the description of the activities identified in the itemization provided in support of the present Motion. See, e.g., Stockton v. Shalala, 36 F.3d 49, 50 (8th Cir. 1994)

Section 406(b) requires the Court to review contingent fee agreements in Social Security cases "to assure they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (1992). Contingency fee agreements are unenforceable when they provide for fees in excess of 25% of the past due benefits; however, "[w]ithin the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. Notwithstanding a contingency fee agreement, a reduction in the fee amount may be appropriate where the legal representation was substandard, counsel was responsible for a delay which increased the past due benefits fund from which the fee was payable, or if benefits were too large in comparison to the amount of time counsel spent on the case. Gisbrecht, 535 U.S. at 807.

As observed above, the present Motion seeks attorney fees in the amount of $11,983.75, and the Court has concluded that Plaintiff's counsel and his staff reasonable expended 49.7 hours

3

representing Plaintiff in the present case at the Federal Court level. The requested fee amount is an effective hourly rate of approximately $241.12. While that figure may on its face initially appear high, Courts considering similar motions for attorney's fees pursuant to the Social Security Act have approved effective hourly rates in excess of $1,000.00. See, e.g., Richard E.C. v. Saul, No. 19-cv-1900 (ECW), 2021 WL 9476864, at *2 (D. Minn. Mar. 19, 2021); Porterfield v. Kijakazi, No. 4:20-cv-1443 (SRW), 2023 WL 5722612, at *4 (E.D. Mo. Sept. 5, 2023); Smith v. Astrue, No. 6-cv-2091 (ADM/AJB), 2008 WL 2609443, at *4 (D. Minn. June 24, 2008); Weed v. Colvin, No. 2:14-cv-271 (JHR), 2016 WL 3919849 (D. Me. July 15, 2016); Beaulieu v. Colvin, No. 1:10-cv-454 (GZS), 2016 WL 675646, at *3 (D. Me. Jan. 28, 2016); Jody A. E. v. Saul, No 16-cv-969 (MJD/BRT), 2019 WL 4928921, at *2 (D. Minn. Oct. 7, 2019).

Moreover, there is no indication in the record now before the Court that Plaintiff's counsel's work representing Plaintiff was in any way substandard. Similarly, there is no indication in the record now before the Court that Plaintiff's counsel contributed to any unreasonable delay which increased the past due benefits fund from which the fee is payable. In addition, there is no indication in the record that the present request for attorney's fees was unreasonable delayed.

Therefore, for the foregoing reasons, and based on all of the files, records, and proceedings herein, the Court finds Plaintiff's counsel's requested contingent fee is reasonable and appropriate, and that Plaintiff's counsel is entitled to an award of $11,983.75 in attorney fees.

On additional issue warrants discussion here. Although Plaintiff's counsel acknowledges that the previously awarded EAJA fees must be returned to Plaintiff upon an award of attorney's fees pursuant to § 406(b), Plaintiff's counsel "wishes to effectuate the EAJA refund here by

reducing the amount of § 406(b) fees [the] SSA will actually send him." (Mot. [Docket No. 29] at 2) (citing Jackson v. Cmm'r of Soc. Sec., 6014 F.3d 1268 (11th Cir. 2010)). In other words, Plaintiff's counsel "seeks a § 406(b) award of $11,983.75, but to account for the EAJA refund, counsel asks that he be sent only a net § 406(b) payment of $3,183.75." (Mot. [Docket No. 29] at 2).

Although Courts have, in limited circumstances, noted that it is in a Court's discretion to utilize the indirect refund method of directing the Social Security Administration to pay a plaintiff's counsel the net balance of § 406(b) fees due after having subtracted previously awarded attorney's fees under the EAJA, the overwhelming majority of courts to have considered this method have concluded that it is disfavored. See, e.g., O'Donnell v. Saul, 983 F.3d 950, 957 (7th Cir. 2020); McGraw v. Barnhart, 450 F.3d 493, 496 (10th Cir. 2006); Martinez v. Berryhill, 699 F. App'x 775, 776 (10th Cir. 2017); Theodoros K. v. Kijakazi, No. 20-cv-2228 (KMM/ECW), 2023 WL 4621896, at *3 (D. Minn. July 19, 2023); Chandler v. Kijakazi, No. 4:20-cv-517 (ALM/KPJ), 2023 WL 3818390, at *6 (E.D. Tex. May 19, 2023), report and recommendation adopted, 2023 WL 3819191 (E.D. Tex. June 5, 2023). Plaintiff's counsel fails to cite to any binding or persuasive authority from within this District or the Eighth Circuit approving of or even utilizing the "net" or "indirect" approach of refunding previously awarded EAJA fees when the Court awards fees under § 406(b).

Thus, the "Court finds that it is within its discretion to award fees in the 'usual way'— that is, awarding the full fee amount under § 406(b) with instructions for Plaintiff's counsel to refund the smaller, previously awarded EAJA amount to Plaintiff directly." Theodoros K., 2023 WL 4621896, at *3. Absent a specific, compelling reason from Plaintiff or Plaintiff's counsel as

5

to why the "indirect refund method' should be utilized in the present case, the Court finds no reasons to divert from the direct refund method contemplated by EAJA.[4]

Therefore, for the reasons set forth above, and based on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff's Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b), [Docket No. 29], be **GRANTED in part** and **DENIED in part**, as set forth herein;

2. Plaintiff's counsel be awarded attorney's fees in the amount of $11,983.75; and

3. Upon receipt of the awarded attorney's fees pursuant to § 406(b), Plaintiff's counsel be required to refund to Plaintiff the previously awarded EAJA fees, in the amount of $8,800.00.

Date: October 27, 2023                                s/Leo I. Brisbois
                                                      Hon. Leo I. Brisbois
                                                      U.S. Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

---

[4] Moreover, the Court finds the direct refund method to be most in line with the Supreme Court's limited discussion of the interplay between fees award pursuant to the EAJA and § 406(b). See Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002); Astrue v. Ratliff, 560 U.S. 586, 596 n.4 (2010).